## MALLORY v. UNITED STATES.
No. 9842.

Circuit Court of Appeals, Ninth Circuit.
March 2, 1942.

C. T. McKinney and W. T. Choisser, both of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and C. A. Edwards, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Glenn Oliver Mallory, was convicted by a jury and sentenced for the violation of the "White Slave Traffic Act", 18 U.S.C.A. § 398, and appeals. Defendant in an automobile possessed by him, together with several women prostitutes journeyed from one state to another. One of the women as a government witness testified that she had no agreement with defendant prior to the journey regarding, and did not go with the intention of, practicing prostitution in the other state but took the trip as a vacation. She testified however that soon after the journey's end defendant proposed and she accepted the proposition of entering the prostitution trade under defendant's management and that she paid defendant $500 from her earnings.

It is stated in defendant's brief that "It is primer law that the government is bound by the testimony of its own witness and such testimony cannot create a circumstance that will be inconsistent with affirmative proof." This is followed by numerous citations.

■ Defendant's point has no application to the instant situation. It is the purpose of appellant Mallory in taking the prostitute on the instant journey, not that of the prostitute, which is at issue. Kelly v. United States, 9 Cir., 297 F. 212. It may be true that the witness went on the trip as a vacation without any other intention and the jury may have believed this to be true. At the same time the jury may have believed, and the verdict shows that it did so believe, that the defendant on trial arranged and executed the trip for the purpose charged.

■ It is claimed that the evidence does not support the verdict of guilt and that the court should have granted defendant's motion for an instructed verdict of not guilty. We differ with defendant on both propositions.

One of the party of women who accompanied Mallory on the journey stated on cross-examination that she was a defendant in another case in which she and defendant were jointly indicted for having conspired under the White Slave Act to take the interstate trip. Following such testimony the District Attorney inquired "You were arrested and put in jail last February on a charge with Glenn Mallory, were you not?" The witness answered: "Yes." Attorney for defendant had made no objection to the question prior to the answer and did not at any time move to have the answer stricken. Instead, he made an argumentative statement as follows:

"What purpose can he offer the fact that she had been arrested for? If she is up here convicted of a crime—if he is trying to impeach her or lay the foundation to affect her credibility, that is one thing; we may all have been arrested, but the law is, she has got to be convicted before he can go into that."

"The Court: All right, the objection is overruled."

An exception was allowed.

■ But if we disregard the condition of the record and assume that the attorney's statement amounted to a definite objection, we can see no prejudice to defendant in the premises. The defense attorney's only complaint referred to the arrest and the fact, if it was a fact, that the witness was arrested with Mallory in another case arising out of the facts of the case then on trial was a proper revelation by the cross-examiner.

■ Following the episode just related the District Attorney made the following statement: "You are charged with Glenn Mallory for conspiring to make this trip to Wyoming and take Mabel Henderson and Versie Sheffield to—". Attorney for defendant not waiting for the question to be finished interjected: "The same objection,

if your Honor please." The objection was overruled, no exception was taken, the statement of the District Attorney was never ripened into a question and no response of any kind was ever made by the witness regarding the statement and no request that the jury be admonished to disregard the statement was ever requested. There is no reversible error here.

After the above took place the District Attorney stated he would read the indictment for the benefit of counsel. Counsel referred to objected to the offer as "improper and for no purpose whatever" and stated as to the proposed reading "No benefit of mine". The objection was overruled and an exception was allowed but no part of the indictment was ever read or shown to the jury. No complaint was made at the time that any harm could result from the District Attorney's offer to read an indictment and again no request was made that the jury be admonished to disregard the statement. There is no reversible error here.

The District Attorney then asked the witness: "Your case involving the same matter is still pending isn't it? It is set for trial?" The witness answered: "It was: that is what I thought." "Q. And it involves the same matters that are involved in this case?" This last question was objected to but the record shows no ruling, no answer to the question or any other fact relating to the question. There is no error here.

Defendant cites Edwards v. United States, 8 Cir., 18 F.2d 402, as authority supporting his assignments relative to the arrest of the witness in another case and relative to the statement regarding the indictment in another case. The cited case holds that a defendant as a witness, while being tried for transporting a stolen automobile across a state line, cannot properly be cross-questioned as to the possession of other stolen automobiles in the absence of substantial evidence showing that defendant knew such cars had been stolen. It is clear that the citation is not in point.

The Government produced several writings which were marked and shown to the witness for identification. They were however never identified, never shown to the jury and never were even offered into evidence. It does not appear that defendant made any claim at the trial that the mere offer for identification was prejudicial error. Defendant offered to prove that these instruments had been suppressed in a former case and claims error because he was not permitted to make such proof. The assignment is frivolous.

Finally defendant claims prejudicial error because the court refused to give to the jury his requested instructions Nos. I and II. Such requested instructions though printed in the record are not properly connected therewith. He offers us no word in support of such assignment, except as to requested instruction No. I he cites Caminetti v. United States, 242 U.S. 470, at page 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917 F, 502, Ann.Cas.1917B, 1168, and as to requested instruction No. II, Bohan v. State, 194 Ind. 227, 141 N.E. 323, and People v. Casanova (mis-cited in the brief), 54 Cal. App. 439, 202 P. 45. We have considered the requested but refused instructions and have related them to the instructions as given and have read the cited cases. We perceive no error.

Affirmed.