**Melvin Edmond SURRETT and Billy Charles Walden, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 26675.**

United States Court of Appeals
Fifth Circuit.

Jan. 26, 1970.

**404**

Thomas M. Haas, Mobile, Ala., for appellants.

Don Conway, Asst. U. S. Atty., Mobile Ala., Irwin W. Coleman, Jr., Asst. U. S. Atty., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before WISDOM, SIMPSON, and CLARK, Circuit Judges.

WISDOM, Circuit Judge:

Melvin Surrett and Billy Walden were charged in a four count indictment with (1) illegally possessing untaxed distilled spirits in violation of 26 U.S.C. § 5205(a) (2); (2) removing and concealing untaxed spirits, in violation of 26 U.S.C. § 7206(4); (3) making and fermenting mash on premises other than an authorized distillery, in violation of 26 U.S.C. § 5222(a); and (4) possessing an unregistered distillery, in violation of 26 U.S.C. § 5179(a). The district court, sitting without a jury, found both defendants guilty on all counts. On this appeal, Surrett and Walden complain of the trial court's failure to grant their motion for acquittal. We affirm.

I.

The determining inquiry on a motion for acquittal is whether the evidence is sufficient upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt. Jones v. United States, 5 Cir. 1968, 391 F.2d 273; Lambert v. United States, 5 Cir. 1958, 261 F.2d 799; McFarland v. United States, 5 Cir. 1960, 273 F.2d 417. We must consider the case in the light of the evidence most favorable to the government. Glasser v. United States, 1942, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; Pinion v. United States, 5 Cir. 1968, 397 F.2d 27.

The evidence against Walden consisted of the testimony of the two arresting agents, one a federal agent for the Alcohol and Tobacco Tax branch of the Internal Revenue Service and the other a local law enforcement agent assigned to assist federal agents. They testified that when they came upon the still, they observed Walden sitting in a truck in the driveway to the distillery. One of the agents testified that the truck appeared to be "stuck" in loose soil and that Walden was "rocking" the truck in an attempt to free it. The other agent testified that Walden was attempting to turn the truck around, pre-

sumably to drive away from the still area. The driveway was the only avenue leading to the still; the road leading to the driveway led *only* to the still area.

The agents testified that the truck was approximately 10 feet from 127 barrels of mash. Ninety-six full one-gallon jugs were near the barrels. Walden's truck contained, in plain view, 300 full one-gallon jugs of distilled spirits. The fire to a 450-gallon box-type still had been extinguished, but the still was hot. In his brief, Walden admitted having transported the whiskey.

Taken in the light most favorable to the government, the inferences to be drawn from the evidence warrant Walden's conviction on all counts.

## II.

█ In Vick v. United States, 5 Cir. 1954, 216 F.2d 228, this Court held that mere presence at a still and attempted flight from a raid is not sufficient to sustain a charge of possession of an illegal distillery or possession of untaxed distilled spirits. In *Vick* and in other decisions [1] this Court concluded that in criminal cases based upon circumstantial evidence, a special rule requires that inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused, but inconsistent with every reasonable hypothesis of his innocence, 216 F.2d at 232. The Supreme Court, however, has held that it is *"confusing and incorrect"* to instruct the jury that a special rule applies to cases based on circumstantial evidence in that an acquittal must be ordered unless the circumstantial evidence excluded every hypothesis except that of guilt. Holland v. United States, 1954, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150. To reconcile the decisions of the Fifth Circuit with *Holland*, we construe them as

holding that "the test is not whether the evidence is inconsistent with the hypothesis of innocence but rather whether reasonable minds could so conclude". Wright, 2 Federal Practice and Procedure § 467, p. 258–59 (1969). In this case, decided without a jury, we are justified in assuming that the trial judge gave the circumstantial evidence no less and no more weight than the law requires.

█ Whether the evidence is direct or circumstantial, the possession charge requires proof of control of the still or proof of *activities related to custody of the still.* United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L. Ed.2d 210.

█ Surrett contends that he has an alibi. On the day in question, so he says, he and Rita Dennis, with whom he was living, were at a service station having the radiator of their car repaired. The local law enforcement agent testified that he had been acquainted with Surrett for some time, actually saw him at the still and, when the federal agent attempted to arrest Surrett, saw him flee. Surrett was subsequently arrested.

The agents testified that they had a clear and unobstructed view of Surrett. The agents observed Surrett working on the right rear wheel of an automobile parked in the driveway of the still. The automobile was no more than 20 feet from the barrels containing the mash. The right rear wheel was off.

The agents further testified that when they approached the automobile they observed an "overload" spring under the left rear wheel and another overload spring in the open trunk. There was no such spring under the right rear wheel. The entire rear seat had been removed from the automobile.

1. McMillian v. United States, 5 Cir. 1968, 399 F.2d 478; Cohen v. United States, 5 Cir. 1966, 363 F.2d 321, 327, cert. den'd, 385 U.S. 957, 87 S.Ct. 395, 17 L. Ed.2d 303; Barnes v. United States, 5 Cir. 1965, 341 F.2d 189, 192; Newsom v. United States, 5 Cir. 1962, 311 F.2d 74, 78; Hamilton v. United States, 5 Cir. 1962, 304 F.2d 542, 545; Riggs v. United States, 5 Cir. 1960, 280 F.2d 949, 955; Cuthbert v. United States, 5 Cir. 1960, 278 F.2d 220, 224–225.

In *Vick,* the only evidence of guilt was that the defendant was sitting on the ground about 10 or 15 feet from the distillery and attempted to flee. Vick's story was that he was hunting and happened upon the still by chance. The facts indicated that the area was known for its fine hunting and that Vick possessed a shotgun. That is not this case.

Surrett does not attempt to explain his presence at the still area. He simply says that he was not present in the area. The trial judge chose not be believe him and we cannot say he erred. There was no evidence that Vick was to receive any of the liquor from the still. Here, however, the inference may validly be drawn that Surrett was to receive and to transport the distilled spirits. It is fair to infer that the right rear wheel was removed for the purpose of installing the other overload spring and that the seat was removed to provide additional space to transport the distilled spirits. A complete set of overload springs was needed to accomplish this goal. In *Vick,* no automobile or any means of transportation was found near the still. Here, Surrett's automobile was in the driveway to the still and not more than 20 feet from ninety-six full one-gallon jugs of mash. In *Vick* the trail leading into the woods was well known and frequented by many hunters in the area. Here, the dirt road led *only* to the still. Surrett's presence also differs from Vick's in that Vick's presence did not contribute to the possession or operation of the still. We conclude that the facts and inferences to be drawn here demonstrate that Surrett was participating in activities relating to the still.

In Hooper v. United States, 5 Cir. 1968, 388 F.2d 392, 393, this Court recognized the "presence and flight" rule and added that when there are additional facts from which a jury could infer guilt beyond a reasonable doubt, a jury's conclusion of guilt would be warranted. We find that the evidence was sufficient for the trial judge to infer guilt beyond a reasonable doubt.

### III.

■ Surrett argues that the trial court erred in allowing the government to impeach the witness Rita Dennis by showing that on another occasion she was present when he was arrested at a still operated at their home. The witness and her children lived with Surrett. As the trial court correctly pointed out, the evidence was admissible to show the extent of her bias in favor of the defendant and should be considered in assessing her credibility. Again we note that this case was tried without a jury and that the trial judge could be trusted in determining the limited effect of the testimony. Cf. Mallory v. United States, 9 Cir. 1942, 126 F.2d 192.

### IV.

■ Finally, Surrett complains that the court erred when it allowed the government to cross-examine him concerning a prior conviction, that is to say, his escheat on a $300 bond on a charge of violating the prohibition law. He maintains that the government failed to lay the proper foundation by showing that the prior conviction was a felony or involved moral turpitude. In cases involving the unlawful possession of whiskey, the forfeiture of a bond is sufficiently analogous to a conviction for evidence of the forfeiture to be admissible to discredit a witness. Under the law of Alabama the illegal manufacture of intoxicating liquor is a felony. 29 Ala. Code 1940, Section 103; 1 Ala.Code 1940, Section 7. Since repeal, conducting the business of making, transporting, or selling intoxicating liquor, and defrauding the government of taxes is a federal offense involving moral turpitude. Jordan v. De George, 1951, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, reh. denied 341 U.S. 956, 71 S.Ct. 1011, 95 L. Ed. 1377. The Court has not found any federal case directly in point, but we note that a state court has held that where "police court bond forfeitures were deliberately made, in cases involv-

ing unlawful possession of intoxicating liquor, such are tantamount to a plea of guilty and should be so regarded". LeBlanc v. State, 1952, 95 Okl.Cr. 280, 245 P.2d 134, 138.

The judgment is affirmed.