**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesse VELASQUEZ and Francisco Reyes, Defendants-Appellants.**

No. 74-1262

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 5, 1974.

Raul A. Gonzalez, Jr., Brownsville, Tex., for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., Charles F. Sandoval, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir., *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

Defendants Jesse Velasquez and Francisco Reyes appeal from their convictions by a jury for conspiring to import marijuana into the United States unlawfully, a violation of 21 U.S.C. § 963, and for actually importing some 21 pounds of the substance in violation of 21 U.S.C. § 952(a). They urge before this Court: (1) that insufficient evidence of their guilt was presented at trial; (2) that inadmissible hearsay was introduced; (3) that the trial judge improperly interjected himself into the proceedings and inaccurately instructed the jury; and (4) that the prosecutor stated his personal belief as to defendants' guilt in his closing argument. On the basis of these points, appellants contend that the convictions deserve reversal. We disagree.

In their contention of insufficient evidence, defendants labor from the outset under a serious misapprehension of the law of this Circuit on appellate review of jury determinations in criminal cases. They begin correctly enough by recognizing the general rule that "the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680. But appellants proceed to argue that there exists in this Circuit a much more stringent rule for application in cases such as this, where the conviction rests largely, if not entirely, on circumstantial evidence.

Language in certain of our opinions supports this proposition, and, indeed, goes far toward the notion of a trial de novo on appeal. In Surrett v. United States, 5 Cir. 1970, 421 F.2d 403, however, we addressed ourselves explicitly to those decisions and to the proper interpretation of their language.

"In [Vick v. United States, 5 Cir. 1954, 216 F.2d 228] and in other decisions this Court concluded that in criminal cases based upon circumstantial evidence, a special rule requires that inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused, but inconsistent with every reasonable hypothesis of his innocence, 216 F.2d at 232. The Supreme Court, however, has held that it is 'confusing and incorrect' to instruct the jury that a special rule applies to cases based on circumstantial evidence in that an acquittal must be ordered unless the circumstantial evidence excluded every hypothesis except that of guilt. Holland v. United States, 1954, 348 U.S. 121, 139 [75 S.Ct. 127, 99 L. Ed. 150]. . . . To reconcile the decisions of the Fifth Circuit with *Holland,* we construe them as holding that 'the test is not whether the evidence is inconsistent with the hypothesis of innocence but rather whether reasonable minds could so conclude.' Wright, 2 Federal Practice and Procedure § 467. . . ."

421 F.2d at 405.[1] Judged by that standard, ample evidence supports these convictions.

The testimony showed that two Mexican youths, Juan Resendez and Adalberto Guerra, were hired by an American citizen in Reynosa, Mexico to drive an automobile into the United States and leave it at the El Rio parking lot just across the border in Hidalgo, Texas. When they arrived at the Hidalgo cross-

---

1. To the extent that any of our decisions have strayed from this interpretation, they are at odds not only with the Supreme Court's ruling in *Holland,* but also with the appellate standard decreed in *Vick* itself:

"In [circumstantial evidence cases] the test to be applied on motion for judgment of acquittal and on review of the denial of such motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude."
216 F.2d 232.

ing early on the morning of September 29, 1973, the two young Mexicans informed border officials that they were delivering the car to Guerra's cousin in McAllen; but, unable to identify that cousin from memory, Guerra presented a piece of paper containing defendant Reyes' name, telephone number, and Michigan address—information admittedly written in Reyes' own hand. When Resendez and Guerra realized that their story had aroused suspicion and that further inspection was imminent, they attempted to flee into Mexico on foot. Resendez did not succeed. A subsequent search of the car revealed the marijuana; and additional questioning of Resendez disclosed the El Rio drop point. A narcotics agent proceeded in that car to make a controlled delivery of the drug. While on the road, he was pulled over by defendants, who were riding in another vehicle.

Velasquez and Reyes attempted to explain their conduct on the grounds that the car, which they had used for a trip to Mexico the previous day [2], had been stolen or perhaps misplaced in that country [3]. At the time they halted the narcotics agent, defendants contend, they were innocently reclaiming stolen property.

The effect of this explanation was seriously weakened—and the Government's case strengthened—by the evidence of Ronald Warthen and Joseph Conine, friends of defendants who had been chauffeuring them in search of the misplaced car. These witnesses testified that defendants had made two previous trips to the El Rio parking lot to pick up the vehicle; that they had never indicated that the car was either stolen or lost; and that, at the time they spotted the car and strange driver on the road, defendants seemed pleased and entirely unsurprised. Indeed, Warthen testified that Velasquez and Reyes exited his car

to enter the other without any sign that they anticipated having to dislodge a thief.

On the basis of this evidence the jury was not required to accept defendants' hypothesis of an innocent search for a stolen car. A substantial basis existed for the belief that Velasquez and Reyes had entered into an agreement with others to import marijuana into the United States and that in furtherance of the conspiracy Resendez and Guerra had effected such importation, which was both an overt act and the substantive crime. *See* United States v. Fontenot, 5 Cir. 1973, 483 F.2d 315.

■ Defendants' remaining arguments call for no great elaboration of the facts. Certain statements made by a Mexican cabdriver to Government agents, tending to link defendants to a conspiracy, did find their way to the jury in the course of an agent's testimony. The hearsay aspect of the agent's evidence was relatively limited, however; and whatever prejudice might have arisen was adequately cured when the cabdriver himself was placed on the stand as a Government witness and subjected to searching cross-examination. *Cf.* California v. Green, 1970, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489.

■ The attacks on the trial conduct of the judge and prosecutor are likewise insufficient to win reversal. The record discloses that in his comments and questions the district judge did not go beyond his right and responsibility "to expedite the proceedings and to prevent any misunderstanding of a witness's testimony." United States v. Hill, 5 Cir. 1974, 496 F.2d 201. Concerning the court's charge to the jury, defendants raise objections to the summary of the evidence and to the instructions on circumstantial evidence and the responsibility of principals for the actions of their agents. At trial, however, defense coun-

---

2. The car belonged to one Margaret Sevilla, Velasquez' aunt.

3. Defendants were more than a little vague and contradictory in explaining precisely how

all those who had traveled to Mexico in the car had managed to return to the United States without noticing its absence.

sel did not challenge any of the court's statements on the applicable law and explicitly informed the court that its synopsis of the evidence would be adequately balanced by an additional reminder to the members of the jury that they had sole responsibility for determining the facts. The court accepted that suggestion. Having let the proper moment for objection and correction pass, defendants can obtain a reversal here only by showing an exceptional situation "involving serious deficiencies which affect the fairness, integrity, or public reputation of the judicial proceedings, . . . or which constitute obvious [mistake]." United States v. Jacquillon, 5 Cir. 1972, 469 F.2d 380, 386, cert. denied, 410 U.S. 938, 93 S.Ct. 1400, 35 L. Ed.2d 604. We find no such plain error in this charge.

■ Counsel for defendants did raise timely objection to the comment of the United States Attorney during closing argument that "the real facts are that these two men are guilty beyond a reasonable doubt." The court responded with an admonition to the jury that the statements of counsel were not evidence and that the jurors remained the "ultimate judges." The court ruled, however, that the remark did not warrant a mistrial. We agree.

The standard in this Circuit for the permissible scope of prosecutorial comment on the guilt of the accused appears succinctly in United States v. Martinez, 5 Cir. 1972, 466 F.2d 679, 683.

> "The law is clear that a prosecutor's remarks cannot imply that evidence not before the jury implicates the defendant. Nor can a prosecutor vouch for a witness by suggesting that the government would not use a witness unless his credibility was confirmed.

. . . [A] prosecutor may express his belief in the guilt of a defendant if such belief is based solely on the evidence introduced and the jury is not led to believe that other evidence justifies that belief." [citations omitted]

Read in its context the prosecutor's statement in this case amounts to no more than such a sanctioned opinion on the evidence produced at trial. A reasonable juror could not have concluded that the United States Attorney was relying either on undisclosed information or supposed law enforcement expertise.[4]

Defendants received fair treatment at the hands of judge, jury, and prosecutor. This Court therefore has no warrant to disturb the result below.

Affirmed.

---

4. The challenged statement follows the prosecutor's request that the jury study the evidence:

"Ladies and gentlemen of the jury, judge the credibility of this evidence. Put the pieces together. Don't expect to see a group of people sitting around a table like they are signing the Declaration of Independence entering into some sort of agreement. It is not there. That kind of agreement, that kind of picture, is not there. But you can take the pieces that we have given you and put them together and you are going to see the picture that comes out loud and clear beyond a reasonable doubt . . . ."