**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Glenn Lavone SPIVEY,**
**Defendant-Appellant.**

**No. 74–3285**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1975.

---

* Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James D. Brooks, Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, Glenn Lavone Spivey, was convicted after a bench trial on six counts of concealing stolen motor vehicles in interstate commerce, knowing the same to have been stolen, in violation of Title 18, U.S.C. § 2313. He seeks reversal of his conviction alleging there was insufficient evidence, he should have been granted a new trial and he had ineffective assistance of counsel. We find these claims of error to be without merit and affirm the conviction.

Spivey went to trial charged in six counts, under Title 18, U.S.C. § 2312, of transporting, and six counts under Title 18, U.S.C. § 2313, of concealing stolen motor vehicles in interstate commerce. The trial judge acquitted him as to the six counts charging unlawful transportation. The stolen character of the vehicles was stipulated at trial; five vehicles were from Pascagoula, Mississippi, and one was from Pensacola, Florida. The

serial number plates on five of the vehicles had been altered. Three of the vehicles were bought and sold on the same day, while the other three were sold within three to five days. Appellant admitted each of the vehicles had been in his custody, but stated he bought the vehicles from one Gene Black, an alleged salesman for Massey Chevrolet. The first reference to Black was in Spivey's testimony at trial, with no indication of a prior attempt to locate him. Spivey apparently located Black after trial, and his discovery and availability were the basis for appellant's new trial motion.

When appellant took the stand he stated he had kept the vehicles for at least one day to one week, but did not explain the discrepancies on the bills of sale. His testimony also conflicted with that of car dealers to whom he had sold the stolen cars as to the number of cars he had sold them over the time period involved.

■ Title 18, U.S.C., § 2313 requires knowledge that the vehicle received or concealed was stolen. There is a common law presumption that "an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." Barnes v. United States, 1973, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380. A defendant's explanation of his possession of recently stolen goods does not necessarily overcome this permissible inference of guilty knowledge because the trier of fact is entitled to judge the credibility of the defendant's explanation and assign to the evidence whatever weight he believes it is entitled to. United States v. Smith, 5 Cir. 1974, 502 F.2d 1250; United States v. Fairchild, 5 Cir. 1975, 505 F.2d 1378.

The test on appeal as to whether or not circumstantial evidence was sufficient to support a conviction has been stated by this court in a number of cases. See typically Judge Wisdom's statement in United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825, cert. denied, 1972, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58:

"[I]n criminal cases based on circumstantial evidence our task is to determine whether reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence."

See also United States v. Black, 5 Cir. 1974, 497 F.2d 1039; United States v. Amato, 5 Cir. 1974, 495 F.2d 545; United States v. Velasquez, 5 Cir. 1974, 496 F.2d 1009; United States v. Edwards, 5 Cir. 1974, 488 F.2d 1154; United States v. Fontenot, 5 Cir. 1973, 483 F.2d 315.

■■ As we said in Fontenot, supra, weighing the sufficiency of the evidence in a circumstantial evidence case does not depend upon whether "in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude." In the present case, of course the test must be whether the trial judge could reasonably so conclude. The evidence against Spivey of the altered number plates, of the discrepancies in bills of sale and other surrounding circumstances, together with the permissible inference from his possession of recently stolen automobiles sufficed to meet the stated test. Viewed in the light most favorable to the government the evidence was sufficient to establish appellant's guilt. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■ Appellant next alleges the court erred in not granting a new trial when the missing Mr. Black was located. In United States v. Jacquillon, 5 Cir. 1972, 469 F.2d 380, cert. denied, 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604, we set forth the criteria for granting a new trial on the ground of newly discovered evidence. The evidence must not only be newly discovered, but the motion must also allege facts showing diligence on the part of the movant, and the evidence must not be merely cumulative and impeaching, it must be material, and it must be such that a new trial would be likely to change the result by producing an acquittal.

■ Appellant has not met this burden. Black was never mentioned to the

authorities until appellant took the stand at trial and testified that he purchased five of the vehicles in question from Gene Black, and that he had bought fifty vehicles from Black in the past without trouble. No real show was made of diligence in trying to locate Black. Additionally, Black's testimony would have been merely cumulative. Appellant was convicted of knowingly concealing stolen motor vehicles; Black's testimony would not have tended to disprove the charge. This issue is without merit.

■ Finally appellant alleges his trial counsel was ineffective, that he stipulated to much of the evidence, did not object to other evidence, and conducted only perfunctory examinations of witnesses. In United States v. Goldsmith, 5 Cir. 1973, 483 F.2d 441, 443, we said: "A conviction will not be set aside on the ground of incompetent counsel, however, merely because an attorney may have erred on occasion when he rendered reasonably effective assistance. Sloan v. Wainwright, 5 Cir. 1972, 469 F.2d 390." A careful review of the record here reveals no basis for the claim that appellant was denied a fair trial by reason of ineffective assistance of counsel.

We find no other errors of law.

Affirmed.