### UNITED STATES of America, Plaintiff-Appellee,

v.

### Edward COOK, Defendant-Appellant.

### No. 76–3299
### Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1977.

Julius Lucius Echeles, Carolyn Jaffe, Chicago, Ill., Joseph A. Varon, Hollywood, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Bernard S. Bailor, Spec. Atty., Dept. of Justice, Washington, D. C., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sect., Robert E. Lindsay, Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

The appellant, Edward Cook, was convicted by a jury of income tax evasion for the years 1966 through 1970, in violation of 26 U.S.C. § 7201.[1] Cook's motion for a new trial or for judgment of acquittal was denied after a hearing in November 1973, and he was sentenced on January 7, 1974. His conviction was affirmed on appeal. *United States v. Cook,* 505 F.2d 659, *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2397, 44 L.Ed.2d 667 (1975). On March 5, 1975, appellant moved for reconsideration of the denial of his motion for a new trial. The court below denied the motion for new trial after a full evidentiary hearing, and Cook has filed this appeal. He argues that the discovery of new evidence mandates that a new trial be held. We affirm.

Appellant filed no tax return for the relevant years. The government sought to show at trial that Cook's substantial expenditures from 1966 through 1970, when viewed against the fact that prior to this period Cook was unemployed and earned no income, showed that appellant had unreported income during the period. Cook's defense was that prior to 1966 he had accumulated assets worth over $150,000, which constituted the source of his expenditures during the 1966–1970 period.

A defense witness, Howard Brodsky, testified that in 1964 he received power of attorney from Cook to remove the contents of the latter's safety deposit box in a local bank. Brodsky testified that he removed several diamonds and about $30,000 in cash from the box. Two bank employees testified at an April 1973 hearing on Cook's motion for new trial that a search of the bank's records prior to trial had failed to reveal a power of attorney or entry slip with Brodsky's name on it. Brodsky was subsequently indicted for perjury. Brodsky requested that another search be made. In September 1974, investigators discovered a power of attorney and an entry slip indicating that Brodsky had entered the box on February 12, 1964. The perjury indictment against Brodsky was dismissed. Cook moved for a new trial on the basis of this evidence.

The district court denied the motion, holding that the newly discovered evidence was merely cumulative and its introduction at trial could not likely have changed the result. This is correct. The critical element of Cook's defense was not that Brodsky entered the safe deposit deposit box, but that he removed diamonds and $30,000 therefrom.

That Brodsky entered the safe deposit box was not controverted at trial. That Brodsky removed diamonds and $30,000 was an unsupported assertion the jury could and did disbelieve. The newly discovered evidence, even assuming its authenticity,[2] does not establish the truth of Brodsky's latter assertion but merely corroborates his former statement.

In order to compel the granting of a new trial because of newly discovered evidence, the movant must show that the evidence is not merely cumulative but material and such that a new trial would be likely to change the result by producing an acquittal. *United States v. Spivey,* 508 F.2d 1061, 1063 (5th Cir. 1975); *United States v. Jacquillon,* 469 F.2d 380, 388 (5th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973); *United States v. 41 Cases, More or Less,* 420 F.2d 1126 (5th Cir. 1970). The evidence Cook adduces is cumulative and thus fails to meet this threshold requirement. *See United States v. Riley,* 544 F.2d 237 (5th Cir. 1976). We therefore need not

1. 26 U.S.C. § 7201 provides:
   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. The record reveals that a laboratory analysis performed on the power of attorney and entry slip suggested that the date of entry and safety deposit box number had been overwritten by a pen with a different ink than that used to affix the original numbers and date.

84

consider whether Cook has satisfied a second requirement by showing that he demonstrated due diligence in seeking to discover the evidence before trial. *United States v. Spivey, supra,* 508 F.2d at 1063; *United States v. Jacquillon, supra,* 469 F.2d at 388.

The judgment of the district court is AFFIRMED.