**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Augustus Frank ADAMSON,
Defendant-Appellant.**

No. 78–3176
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 9, 1979.

Rehearing Denied May 4, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Augustus Frank Adamson, pro se.

William L. Harper, U. S. Atty., Gale McKenzie, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Appellant, Augustus Frank Adamson and two other defendants were charged with nine counts of mail fraud, four counts of inducing travel in interstate commerce in violation of 18 U.S.C. § 2314, and one count of conspiracy. Judgment of acquittal was granted as to Count X and a jury found Adamson guilty of the remaining thirteen counts. He received concurrent three-year sentences on Counts I through IX and concurrent suspended sentences with probation on Counts XI through XIV. This court affirmed his conviction on May 19, 1978 in an unpublished opinion. *United States v. Adamson*, 575 F.2d 299 (5th Cir. 1978). Rehearing en banc was denied on August 9, 1978.

In the meantime Adamson filed a motion in the district court on June 19, 1978 seeking a new trial on the grounds of newly discovered evidence. His motion and the government's response brought forth a flurry of affidavits and counter affidavits signed by persons who had been prosecution witnesses during Adamson's trial. On September 14, 1978 the district court denied Adamson's motion and it is from that order that the present appeal was taken.

■ By filing his motion for new trial on the grounds of newly discovered evidence, Adamson assumed the burden of showing,

(1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial; (2) that the evidence was material, not merely cumulative or impeaching; (3) that it would probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendants.

*United States v. Rachal*, 473 F.2d 1338, 1343 (5th Cir. 1973). The motion is addressed to the sound discretion of the trial judge and will not be overturned by this court in the absence of an abuse of discretion. *United States v. Guthartz*, 573 F.2d 225 (5th Cir.), *cert. denied*, —— U.S. ——, 99 S.Ct. 187, 58 L.Ed.2d 173 (1978). In *United States v. Rodriguez*, 437 F.2d 940, 941 (5th Cir. 1971), we observed,

Motions for a new trial under Fed.R. Crim.P. 33 on the basis of newly discovered evidence bear a heavy burden; it is a rare case where we will reverse the discretionary denial of such a motion by the trial judge who is closest to the case.

■ The principal thrust of the affidavits supplied in support of the motion was that the affiants did not think that Adamson defrauded them and that they supported his motion for new trial or reduction of the sentence. An affidavit also indicated that in the presence of certain witnesses a person who identified himself as a government agent had made reference to Adamson's having a Swiss bank account. The government responded by affidavits from the same witnesses stating that their testimony at trial was truthful and that Adamson returned substantial sums of money to the witnesses when they executed the affidavits.

We have reviewed the affidavits filed by the respective sides and conclude that the trial court clearly did not abuse its discretion in denying the motion.

■ Adamson would not be entitled to a new trial in any event. The affidavits which he submitted touched only a few of the thirteen counts under which he was convicted. When it affirmed Adamson's conviction, this court specifically upheld the sufficiency of the evidence as to Counts I and XI and applied the concurrent sentence doctrine to the remainder. Adamson's newly discovered evidence did not involve either of these counts. Because evidence not under attack amply sustains his conviction, the

action of the district court must be affirmed. *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977).

AFFIRMED.