**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Glenn JOHNSON,**
**Defendant-Appellant.**

No. 78–2728.

United States Court of Appeals,
Fifth Circuit.

June 4, 1979.

Jan Woodward Fox, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., George A. Kelt, Jr., James R. Gough, John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before SIMPSON, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

This appeal is from the denial without hearing of Charles Glenn Johnson's motion for new trial based upon allegedly newly discovered evidence and other grounds. Johnson's conviction on all counts of a seven-count indictment for violations of 18 U.S.C.A. §§ 1014 and 1503 has already been affirmed by this Court. *United States v. Johnson*, 585 F.2d 119 (5th Cir. 1978). Satisfied with the correctness of the District Court's decision to deny the motion for new trial, we affirm.[1]

■ As a threshold issue, Johnson challenges the District Court's denial of an evidentiary hearing on his motion. Of course, such a motion may be decided without a hearing and the decision whether to hold such a hearing is within the trial court's sound discretion, subject to our review only for abuse. *See, e. g., United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977) and cases cited. For the obvious reason that we find ourselves in agreement with the District Court's decision on the merits of the new trial motion, we hold that the District Court did not abuse its discretion in deciding the motion without a hearing.

On the merits, Johnson challenges the denial of the motion itself. The basic thrust of Johnson's new trial motion is that the new found evidence would support his "complicity" defense and establish a lack of intent to defraud Surety Savings Association. At trial, the jury rejected these defenses and, on direct appeal, we rejected these same theories. The District Court characterized the new trial motion as "frivolous" and denied it "for the reasons stated in the Government's response." We agree that there was no newly discovered evidence sufficiently substantial to require a new trial.

■ To urge successfully a motion for new trial based on newly discovered evidence, a defendant must establish four prerequisites: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the evidence is material and not merely cumulative or impeaching; (3) the evidence would probably produce an acquittal; (4) the failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *United States v. Adamson*, 592 F.2d 907 (5th Cir. 1979); *United States v. Rachal*, 473 F.2d 1338, 1343 (5th Cir.), *cert. denied*, 412 U.S. 927, 93 S.Ct. 2750, 37 L.Ed.2d 154 (1973). Johnson has not established these four prerequisites with respect to any of the allegedly newly discovered evidence.

■ Of all the allegedly newly discovered documents which Johnson's counsel allegedly mysteriously received in the mail from an anonymous sender or senders, Johnson admits to having had possession or previous knowledge of all but four of the documents.[2] Since "[n]ewly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial," *United States v. Beasley*, 582 F.2d 337, 339 (5th Cir. 1978), only these four exhibits need be considered.

---

1. The facts underlying Johnson's conviction are well-stated in Judge Higginbotham's able opinion for the Court on the direct appeal and need not be restated here.

2. These documents were attached as Exhibits I, K, P and U to the motion for new trial and have been renumbered Exhibits 1, 2, 3 and 4.

The first document is an alleged letter from Roger Jeffery of C. J. Limited, Inc., to Larry B. Parker of Recreation World, Inc. concerning the documentation of C. J. Limited, Inc.'s sale of notes to Recreation World, Inc. Although Parker was not called by either party, Jeffery was called by the Government and was cross-examined by the defense. Jeffery testified that until the July 30, 1975 closing he had believed that the sale was directly to Surety Savings Association. Johnson argues that the letter shows that the officers of C. J. Limited, Inc. believed the sale of notes was to Recreation World, Inc. or Parker, consistent with the defense theory. However, it is *still* a "harsh reality" that Johnson endorsed each note directly to Surety Savings Association. *See* 585 F.2d at 122 n. 2. Although Johnson attempts to characterize Jeffery as a perjurer, this is a matter for impeachment, at most.

Exhibit 2 is the minutes of a meeting of the Loan Committee of Surety Savings Association on July 28, 1975. The Government had subpoenaed the records of Surety Savings Association relating to the transaction at issue, but claims not to have received this document. William George Richards, Cyril J. Smith, Jr., James Harrison, and Donald E. Ekhardt were present at the meeting. The Loan Committee approved the purchase of twenty-five notes owned by Recreation World, Inc. in the Summer Place subdivision. A secured savings account was to be established to secure the notes. This document, Johnson urges, shows: (1) Surety Savings Association representative Ekhardt gave perjured testimony that the Association did not intend to purchase the Summer Place subdivision notes from either Recreation World, Inc. or Parker; (2) Harrison gave perjured testimony that the meeting concerned the purchase of sales contracts from C. J. Limited, Inc.; (3) David Lavene gave conflicting testimony that Parker of Recreation World, Inc. was the only broker at the July 30, 1975 and September 19, 1975 closings. This, Johnson argues, would support his "double-closing" defense. *See* 585 F.2d at 122 n. 2.

Exhibit 3 is a purported closing statement dated July 30, 1975, and allegedly signed by Parker. As has been noted, Parker was not called as a witness by either the Government or the defense; he was set up by the defense as something of a "strawman." 585 F.2d at 122 n. 2. Johnson urges that this document shows either that Recreation World, Inc. was the purchaser in fact from C. J. Limited, Inc. or that C. J. Limited, Inc. believed that Recreation World, Inc. was the purchaser of the twenty-five notes. Johnson could have subpoenaed this document as well as the Government which has represented that it never possessed the document. Therefore, this was not a Rule 16 document and the result of any lack of diligence in its discovery must rest with Johnson. *See United States v. Beasley*, 582 F.2d 337 (5th Cir. 1978); *United States v. Spivey*, 508 F.2d 1061 (5th Cir. 1975).

Exhibit 4 is a November 3, 1975, letter from William George Richards of Surety Savings Association to Jeffery of C. J. Limited, Inc. The letter refers to documents relating to the purchase of notes from C. J. Limited, Inc. by Recreation World, Inc. In the letter, Richards indicates that the purchase was going to Recreation World, Inc. Richards was not called by either the Government or the defense. Johnson urges that this letter supports the charges of perjury he raises against the representatives of Surety Savings Association.

The only conceivable significance of all this evidence would be its impeachment value, at most. On this record, we cannot conclude that any of the alleged newly discovered evidence, either separately or taken together, is sufficiently material to change the outcome of this case. We must conclude that Johnson's motion did not establish his entitlement to a new trial.

AFFIRMED.