838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Cortez PROCTOR, Defendant-Appellant.
 No. 86-5682.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 3, 1987.
Decided: Feb. 3, 1988.
 
 Stuart Richard Blatt (Rudolph R. Hill, Jr. on brief) for appellant.
 Peter M. Semel, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Charles P. Scheeler, Assistant United States Attorney, Timothy J. Doory, Special Assistant United States Attorney, Stephen Haynie, First Year Law Student on brief) for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from the conviction of Maurice Cortez Proctor, Sr., for conspiring to violate civil rights in breach of 18 U.S.C. Sec. 241 (1982); witness tampering in violation of 18 U.S.C. Sec. 1512(a)(3) (1982); retaliating against a witness in violation of 18 U.S.C. Sec. 1513 (1982); and using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c) (1982). Proctor was jointly tried and convicted with Leonard Epps. The appeals of these two individuals were originally consolidated, but due to exigent circumstances they have now been deconsolidated.
 
 
 2
 Proctor has argued on appeal that the court below erred in not granting a new trial in his case based on the discovery of new evidence after trial. A brief review of the facts in this case will put this "newly discovered" evidence into perspective.
 
 
 3
 The government's chief contention at Proctor's trial was that he planned and ordered the "execution" of Mr. William Player in retaliation for Player's testifying before a Grand Jury concerning Proctor's activities as a drug dealer. At no point did the government allege that Proctor actually fired the bullets that killed William Player. The government's theory was that Proctor sent his "henchmen," Leonard Epps and Timothy Wallace, to do the actual killing on the front porch of Player's home. William "Chops" Blanks, who stated that he was present when Player was killed, eventually identified these two men as having done the shooting.
 
 
 4
 At the hearing on Proctor's motion for a new trial, Proctor's "newly discovered" evidence consisted primarily of the testimony of Edwin Tucker. Tucker testified at the hearing that he was with William Blanks at the rear of Player's home when the shooting occurred, and that Blanks was never in a position to observe the facial features of Player's assailants. Proctor has alleged that the thrust of Tucker's testimony became known to him only after his trial.
 
 
 5
 In order for evidence that is allegedly newly discovered to be sufficient to require, as a matter of law, the grant of a new trial, it must be material. United States v. Johnson, 596 F.2d 147 (5th Cir.1979). The Supreme Court has stated, in a criminal case involving evidence favorable to the defense and known to but undisclosed by the prosecution, that evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 6
 Had Proctor proffered Tucker's testimony at trial, there is not even a remote possibility that the trial's result would have been different. Tucker's testimony was that William Blanks was never in a position to see Player's assailants' faces. His testimony, the "new evidence" Proctor claims to have discovered, is directed entirely at impeaching Blanks' identification of Epps and Wallace as the "trigger men" in the Player slaying. The government never contended, however, that Proctor was one of these trigger men. The government's theory against Proctor was that he was the behind-the-scenes manipulator, the puppeteer. Even if Tucker impeached Blanks' testimony concerning the identity of the actual assailants, Tucker's testimony is irrelevant to Proctor's conviction.
 
 
 7
 We affirm the appellant's conviction and the judgment of the district court denying appellant's motion for a new trial.
 
 
 8
 AFFIRMED.