[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16004
Non-Argument Calendar

_____

D. C. Docket No. 02-00442-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 15, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Franklin Vargas, proceeding pro se, appeals the district court's denial of his

motion for new trial grounded in newly discovered evidence, submitted after he pled guilty, pursuant to a written plea agreement, to possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  In support of his motion for new trial, Vargas claimed that a 1997 treaty between the United States and Colombia, a 1982 extradition treaty, and § 1903 itself constituted newly discovered evidence. The district court denied this motion on the grounds that this evidence was not newly discovered.  Vargas has also moved us to hear his appeal en banc and to seal his reply brief.

We review the district court's disposition of a motion for new trial for abuse of discretion.  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). One of the grounds on which a defendant might move the district court for a new trial is his alleged discovery of new evidence.  See Fed.R.Crim.P. 33(b)(1).  Our predecessor court defined "newly discovered evidence" as "evidence that could not have been discovered with due diligence at the time of trial." United States v. Johnson, 596 F.2d 147, 148 (5th Cir. 1979) (quotation omitted).[1]  The district court

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

may grant a motion for new trial based on such evidence if the interest of justice so requires and if (1) the evidence was in fact discovered after trial, (2) the defendant exercised due care to discover the evidence, (3) the evidence was not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was of such a nature that a new trial would probably produce a different result. Fed.R.Crim.P. 33(a); United States v. Lee, 68 F.3d 1267, 1273-74 (11th Cir. 1995). Each element of this test must be satisfied or else a new trial is not warranted. Lee, 68 F.3d at 1273-74. Furthermore, motions for new trial are "highly disfavored," and district courts "should use great caution in granting a new trial motion based on newly discovered evidence." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation omitted). Moreover, a motion for new trial is an improper way to challenge the validity of a guilty plea. United States v. Prince, 533 F.2d 205, 208 (5th Cir. 1976).

The district court did not abuse its discretion in concluding that Vargas had not presented newly discovered evidence. See Martinez, 763 F.2d at 1312. Regarding § 1903, the written plea agreement pursuant to which Vargas pled guilty listed this statute as the statute he violated so that he was aware of its existence and importance to his case before he pled guilty. Likewise, the 1997 treaty between the United States and Colombia and the 1982 extradition treaty were signed well

3

before Vargas pled guilty. Therefore he could have discovered and read them through the exercise of due diligence before he pled guilty. Accordingly, because this evidence was available before he pled guilty, Vargas did not discover it after entering his plea and therefore cannot satisfy the test. See Johnson, 596 F.2d at 148; Lee, 68 F.3d at 1273-1274. Furthermore, because a motion for new trial is not the appropriate vehicle for guilty plea challenges, the district court could have appropriately denied Vargas's motion for new trial despite its finding that the evidence was not newly discovered. See Prince, 533 F.2d at 208. Thus, we **AFFIRM** the district court's denial of Vargas motion for new trial.[2] Furthermore, we **DENY** Vargas's motion to seal his reply brief.

**AFFIRMED**.

---

[2] By separate order, Vargas's motion to hear his appeal en banc has been denied.