**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Lewis BLACK, Defendant-Appellant.**

**No. 73-3777.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1974.

Howard Moore, Jr., Berkeley, Cal., Henry Sanders, Selma, Ala., for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from a conviction on two counts of a five count indictment charging embezzlement contrary to 18 U.S.C.A. § 657 in one count, and making or causing to be made false entries in four counts, in contravention of 18 U.S.C.A. § 1006.[1] Because we find the evidence insufficient to sustain the conviction on either count, we reverse.

The Greenala Citizens Federal Credit Union was a federally chartered credit union in Hale County, Alabama. Mr. Charles Black, the appellant, was treasurer of the Credit Union, although the record reflects that he also had a full time job with the Federation of Southern Cooperatives. Mr. Clifford Griffin, who was president of the Credit Union during the time period in question, testified that as treasurer, appellant was responsible for maintaining the records and keeping the books of the Credit Union. Mrs. Mildred Black, appellant's wife, was appointed by the directors as assistant treasurer with like responsibilities because, according to Mr. Griffin, "Mr. Black would be out most of the time." Mr. Griffin, as well as Mr. Robert Wiltshire, supervisory examiner for the National Credit Union Administration, testified that two other women were also employed by the Credit Union as clerical personnel with access to the records of the treasurer. Mr. Wiltshire said that during his visits to the Credit Union he had seen both appellant and Mrs. Black making entries in the credit union books.

The first count of the indictment charged appellant as an officer and treasurer of the Credit Union with willfully and knowingly embezzling and misapplying $5,000 of the monies entrusted to the care and custody of the Credit Union and under appellant's care, custody and control, and making and causing to be made a deposit of $5,000 of the Credit Union funds in a personal checking account in the Bank of Moundville, Alabama.

Sometime in June, 1968, the Southern Christian Leadership Conference (SCLC) in Atlanta, Georgia delivered a check for the amount of $14,480.00 payable to the Greenala Citizens Credit Union. The check was dated June 1, 1968 and contained a notation on the face of the check stating: "For transfer to Sabvings" (sic). On the reverse side of the check a handwritten endorsement read: "Pay to the Order of Greenala Citizens Federal." A printed, stamped endorsement stated: "Greenala Citizens Federal Credit Union." On June 22, 1968, the check was negotiated at the Bank of Moundville, Alabama.

A hand-written deposit slip was introduced in evidence showing that a $6,568.71 portion of the SCLC check was deposited to the account of the Credit Union. On the same date and at the same time, a deposit of $5,000 in cash was made to the joint bank account maintained at the Bank of Moundville in the name of "Louis Black or Mildred Black." The parties stipulated that the $5,000 in cash was derived from the SCLC check. The statement of account or ledger sheet for the account of "Louis Black or Mildred Black" was introduced into evidence showing the $5,000 deposit. The statement of account or ledger sheet for the Credit Union was also introduced into evidence showing that the entire amount of the check from the SCLC was not deposited to the account of the Credit Union.

---

1. The trial court granted a motion for judgment of acquittal as to Counts Two and Four at the close of all the evidence. Count Five was dismissed on motion of the Government.

Victor B. Poole, vice president of the Bank of Moundville, testified that the "Louis Black or Mildred Black" account was a joint account, and either could deposit checks and withdraw funds from the account.

The defendant did not take the stand himself and his wife was not called as a witness.

In July, 1971, Mr. Robert Wiltshire commenced an examination of the books and records of the Credit Union that lasted for several months. He testified that $5,000 of the money from the SCLC check had not gone into the Credit Union's account. He also said that the SCLC check was not part of the Credit Union's records, although its accounts were otherwise balanced.

The third count of the indictment states that on or about June 20, 1968 appellant, as treasurer of the Greenala Citizens Federal Credit Union, did make and cause to be made in the members loan record of the Credit Union, on a sheet headed "Individual Share and Loan Ledger" for Andrew Holifield, an entry showing a loan payment in the amount of $325.71, which was said to be a false entry since appellant knew Andrew Holifield had not made any payment on this loan.

At the trial Mr. Holifield testified that he had not made payment of $325.-71 on June 20, 1968, or at any other time. Mr. Wiltshire testified that the loan ledger sheet in the name of Andrew Holifield contained an entry showing that $325.71 was paid on June 20, 1968. The defense introduced a "cash received voucher" showing a payment of $325.71 on the account of Andrew Holifield, and on the voucher was the notation: "Received by MB." Mr. Holifield also testified that in January of 1964 appellant approached him and asked that since as an officer and treasurer appellant could not borrow money from the Credit Union whether Mr. Holifield would borrow money for the appellant. Mr. Holifield said appellant asked him to sign a prom-issory note for $750.00 so that the money could be delivered to appellant. Holifield signed the note and said he and the appellant used the money to rent land. It should be noted that appellant has not been indicted in any respect concerning this 1964 transaction.

\* \* \*

Certain axiomatic principles govern appellate review of the sufficiency of the evidence to support appellant's conviction. The evidence must be viewed in the light most favorable to the Government. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. All reasonable inferences and credibility choices as will support the jury's verdict of guilty must be made. See Gordon v. United States, 5 Cir., 1971, 438 F.2d 858.

The Government's case on both counts consisted solely of circumstantial evidence.[2] The standard is well-settled in this Circuit that in a case based only on circumstantial evidence, the appellate task is to determine whether reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence. Whether the evidence be direct or circumstantial, the matter of the defendant's guilt is for the jury to decide unless the court concludes that the jury must necessarily have had a reasonable doubt. United States v. Velasquez, 5 Cir., 1974, 496 F.2d 1009 [No. 74–1262, slip opinion dated July 5, 1974]; United States v. Fontenot, 5 Cir., 1973, 483 F.2d 315, 321; United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 830.

In the instant case the jury must necessarily have had a reasonable doubt as to both counts. Reasonable hypotheses of innocence were not excluded.

As will be seen, the proof on each count made out a classic case of an unexcluded reasonable hypothesis of innocence. See, as examples, United States v. Schorr, 5 Cir., 1972, 462 F.2d 953; United States v. Duke, 5 Cir.,

---

2. *See* note (4) *infra*; I Wigmore on Evidence § 475, 399 (3d ed. 1940).

**1042**

1970, 423 F.2d 387; South v. United States, 5 Cir., 1969, 412 F.2d 697; Montoya v. United States, 5 Cir., 1968, 402 F.2d 847; Cuthbert v. United States, 5 Cir., 1960, 278 F.2d 220.

■ As to the first count, the evidence did not exclude the reasonable hypothesis that someone other than appellant converted or misapplied funds belonging to the Credit Union. Specifically, a reasonable hypothesis of Mr. Black's innocence is that Mrs. Black committed the crime.

No witness testified Mr. Black received or negotiated the check. No witness testified that he deposited $5,000 in cash in his joint bank account. No witness testified that appellant counselled, procured, aided or abetted any other person to do or commit any act in connection with this transaction. Neither the teller at the bank who administered the transaction nor a documents examiner or handwriting expert was offered to connect appellant to the charged transaction.

■■ The Government only demonstrated the circumstantial facts that appellant was treasurer of the Credit Union and a portion of the money in question was deposited in a bank account that appellant shared jointly with his wife. Had appellant exclusive control over the business affairs of the Credit Union, or had the account in which the monies were ultimately deposited been exclusively Mr. Black's, the reasonable hypothesis of innocence might have been excluded.[3] Cf. McMillian v. United States, 5 Cir., 1968, 399 F.2d 478; United States v. Powell, 4 Cir., 1969, 413 F.2d 1037.

Based on the insufficiency of the evidence to exclude what is a reasonable hypothesis of innocence, the guilty verdict on the first count must be reversed.

■ Similar considerations govern review of the "false entry" count. There was no direct evidence to show that appellant made the entry or that he caused it to be made. The jury was apparently allowed to conclude that appellant must have made the entry because he was the treasurer of the Credit Union and because four years prior to when the false entry was alleged to have been made, he had induced Mr. Holifield to make a loan on appellant's behalf through the Credit Union.[4] Neither

---

3. The Government has argued, citing Ford v. United States, 5 Cir., 1954, 210 F.2d 313, 316–317, cert. denied, 1956, 352 U.S. 833, 77 S.Ct. 49, 1 L.Ed.2d 53, that the jury could infer from the failure of appellant to call his wife as a witness that her testimony would be unfavorable. The Government's a priori argument is that this unfavorable inference excludes the reasonableness of appellant's hypothesis of innocence. We need not decide the question of the inference's effect on the sufficiency of the evidence issue in this case.

The rule permits such an inference only if a party has it peculiarly within his power to produce a witness whose testimony would elucidate the transaction in question. Ford v. United States, supra, 210 F.2d at 317; II Wigmore on Evidence § 286, 166–168 (3d ed. 1940). A defendant has a personal privilege to exclude the testimony of a witness spouse, and such a nonparty spouse is further accorded an independent spousal privilege not to testify. Wyatt v. United States, 1960, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931; VIII Wigmore on Evidence § 2241, 254–256 (McNaughton rev. 1961). There is

with the facts presented here the additional element of the wife's own potential Fifth Amendment privilege against self-incrimination. Cf. San Fratello v. United States, 5 Cir., 1965, 340 F.2d 560, rehearing denied, 343 F.2d 711; Lawrence v. Wainwright, 5 Cir., 1971, 445 F.2d 281, 282. Under the particular facts of this case therefore, we cannot say that the inference is available where there has been no showing that appellant's wife, and any testimony she might give, was peculiarly within appellant's power to produce. See Tallo v. United States, 1 Cir., 1965, 344 F.2d 467; VIII Wigmore on Evidence, supra, § 2243, 259–261. Cf. Bisno v. United States, 9 Cir., 1961, 299 F.2d 711, 720–722, and 799 F.2d at 723 (J. Hamley concurring), cert. denied, 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818; Courtney v. United States, 9 Cir., 1968, 390 F.2d 521, cert. denied, 393 U.S. 857, 89 S.Ct. 98, 21 L.Ed.2d 126, rehearing denied, 393 U.S. 992, 89 S.Ct. 440, 21 L.Ed.2d 457.

4. The Government and the trial court below considered Mr. Black's 1964 involvement with Mr. Holifield as a direct link between

fact supports an inference, excluding every reasonable hypothesis of innocence, that appellant "did make and cause to be made . . . an entry" in the loan records of the Credit Union. The record reflects that three other employees of the Credit Union, including appellant's wife, had at least equal access to the records as appellant. There was moreover a loan payment receipt introduced for the Holifield $325.71 bearing the handwritten initials "MB." *See* South v. United States, *supra*; Roberts v. United States, 5 Cir., 1969, 416 F.2d 1216. Thus Count Three must also be reversed.

Appellant's other assignments of error are without merit.

Reversed and remanded for further proceedings not inconsistent herewith.

appellant and the Holifield account. Appellant was not indicted for inducing Mr. Holifield to borrow money from the Credit Union for appellant's personal usage or for making or causing to be made a false entry in connection with the 1964 event. Direct testimonial evidence supplied by Mr. Holifield concerned the 1964 transaction. This evidence is only within the chain of circumstantial evidence that the Government offered to show that appellant "made and caused to be made . . . an entry" on Holifield's account in 1968 in the loan records of the Credit Union. *See* McMillian v. United States, 5 Cir., 1968, 399 F.2d 478 (direct evidence that defendants had said their land did not run to "the still" was only circumstantial evidence linking the defendant with the still they were charged with operating); United States v. Greene, S.D.Ga., 1906, 146 F. 801, 824–825 (defining direct and circumstantial evidence); I Wigmore on Evidence § 25, at 398–406 (3d ed. 1940).