**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lamartine NAZIEN, Lelio Saintil and Reynald Morelus, Defendants-Appellants.**

**No. 74–1154.**

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1974.

Certiorari Denied March 3, 1975. See 95 S.Ct. 1358.

Jack H. Cohen, Miami, Fla. (Court-appointed), for Nazien, Saintil, and Morelus.

Robert W. Rust, U. S. Atty., Robert C. Byrne, Charles O. Farrar, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before WISDOM and BELL, Circuit Judges, and BREWSTER, District Judge.

BELL, Circuit Judge:

The sole assignment of error in this marijuana possession with intent to distribute case, 21 U.S.C.A. § 841(a)(1), is that the evidence was insufficient to warrant the convictions.

■■ Appellants rely on the case of Vick v. United States, 5 Cir., 1954, 216 F.2d 228. There we held that the presence near an illegal distillery of one who could have been a hunter (in possession of a shotgun), coupled with flight, without more, was insufficient to warrant conviction. We stated that to sustain conviction in a circumstantial evidence case, the inferences reasonably to be drawn from the evidence must not only be consistent with the guilt of the ac-

cused but inconsistent with every reasonable hypothesis of innocence.

In Surrett v. United States, 5 Cir., 1970, 421 F.2d 403, we reconciled *Vick* and its progeny with Holland v. United States, 1954, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150, and held that "the test is not whether the evidence is inconsistent with the hypothesis of innocence but rather whether reasonable minds could so conclude", citing Wright, 2 Federal Practice and Procedure, ¶ 467, pp. 258–59 (1969). Then in United States v. Black, 5 Cir., 1974, 497 F.2d 1039, 1041, we added that whether the evidence be direct or circumstantial, the matter of the defendant's guilt is for the jury unless the court concludes that the jury must necessarily have had a reasonable doubt as to the inconsistency. See also United States v. Hill, 5 Cir., 1973, 481 F.2d 929, 931; United States v. Stephenson, 5 Cir., 1973, 474 F.2d 1353, 1355. We do not so conclude in this case.

Customs officers on patrol in an automobile approached a ship at a dock on the Miami River at approximately 1:00 A.M. By driving without lights until the moment they reached the dock, they were able to surprise four men standing together three or four feet in front of a Chevrolet automobile parked 10 to 15 feet from the ship. The Chevrolet was headed toward the ship.

One of the men was holding a burlap bag which he dropped and simultaneously dove into the water between the ship and the dock. This man was never apprehended. The other three men, the appellants here, started to run and were apprehended in the vicinity. One of the three, Morelus, broke away shortly after they were apprehended and was later found in an automobile owned by appellant Saintil, some 150 yards away from the ship. Another automobile owned by appellant Nazien was parked approximately 50 yards from the ship. These two vehicles plus the Chevrolet were the only vehicles in the vicinity of the ship.

(The owner of the Chevrolet was not placed at the scene nor was he ever located.) The officers smelled the odor of marijuana emanating from the dropped bag and from the Chevrolet. One officer testified that there was another bag near the rear of the Chevrolet. Another officer saw two bags instead of one leaning against the rear of the vehicle. Eight burlap bags of marijuana were taken from the trunk of the Chevrolet and one from the rear seat.

Appellants are Haitians who stated that they were in the vicinity of the ship for the purpose of receiving messages from relatives from the crew of the ship and for the purpose of sending food and clothing to relatives in Haiti. There was no corroborating evidence of these contentions other than the fact that the ship made a regular run to Haiti. Nazien and Saintil are related and Morelus lived with Saintil. Nazien went by Saintil's home on the night in question to advise that the ship had arrived.

Nazien and Saintil told essentially the same story. They testified that they reached the dock in separate vehicles at eleven o'clock. They were arrested as they made their separate ways to the ship. They saw two men jump into the river and the third man arrested was one of these and not Morelus. Saintil stated that Morelus remained in Saintil's automobile rather than going to the ship. Morelus also testified that he remained in the automobile and denied that he was ever near the ship and dock or that he escaped.

Having viewed the evidence in the light most favorable to the government as is the rule on appeal, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, 704; United States v. Black, 497 F.2d at 1041, we hold that reasonable minds could conclude that the sum of this evidence was inconsistent with the hypothesis of the innocence of appellants.

Affirmed.