**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Larry RUSK, a/k/a Demetri Thor, Defendant-Appellant.**

**No. 74–3609.**

United States Court of Appeals, Fifth Circuit.

May 7, 1975.
Rehearing Denied July 25, 1975.

George Wm. Perry, Dallas, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Harold S. Jaquet, William F. Sanderson, Jr., Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before BELL, THORNBERRY and GEE, Circuit Judges.

BELL, Circuit Judge:

Appellant was convicted of making a false written statement on a Treasury Department form in purchasing a gun, thereby violating 18 U.S.C.A. §§ 922(a)(6) and 924(a). The statement in question consisted of the representation to a firearms dealer in the purchase of a gun that appellant had not been convicted of a crime punishable by imprisonment for a term exceeding one year. This appeal followed and we affirm.

The form was signed in the name Richard Larry Rusk on August 9, 1971 by a person claiming to be Rusk. Appellant's name was changed by a state court proceeding on May 27, 1969, from Richard Larry Rusk to Demetri Thor.

One assignment of error is a lack of proof. The circumstantial evidence introduced by the government as probative of appellant's guilt consisted of two examples of appellant's signature as Richard Larry Rusk, as well as the form signed by the purchasing party at the time the gun was purchased. A government handwriting expert testified that in his opinion, the handwriting in each instance was that of the same person. The salesclerk could not identify the appellant as the purchaser. In rebuttal, appellant produced two witnesses who testified that Joe Edwards, an acquaintance of appellant, purchased the gun in appellant's name and with appellant's former driver's license which had been issued in the name of Richard Larry Rusk.[1]

[1, 2] In United States v. Nazien, 5 Cir., 1974, 504 F.2d 394, 395, we pointed out that the test of sufficient proof to warrant conviction in circumstantial evidence cases is not whether the evidence is inconsistent with the hypothesis of innocence but rather whether reasonable minds could so conclude, and added, citing United States v. Black, 5 Cir., 1974, 497 F.2d 1039, 1041:

---

1. Edwards was indicted along with Thor in the drug case which was the subject of the prosecution involved in No. 74-3034, United States v. Thor and Barnett, 5 Cir., 1975, 512 F.2d 811, this day decided. He was a fugitive from justice at the time of that trial.

. . . whether the evidence be direct or circumstantial, the matter of the defendant's guilt is for the jury unless the court concludes that the jury must necessarily have had a reasonable doubt as to the inconsistency. We do not so conclude on the proof adduced in this case.

Appellant next contends that he was denied a speedy trial. We disagree. The indictment charging appellant was filed on August 8, 1973, one day less than two years after the alleged offense occurred. An arrest warrant was issued on September 27, 1973. We have detailed the facts regarding Thor's arrest in the following January in Oregon where he was a fugitive living under an alias. *See* United States v. Thor and Barnett, 5 Cir., 1975, 512 F.2d 811 [No. 74–3034, this day decided]. We have also there described the so-called odyssey as he terms his transfer from Oregon to Texas. A lawyer was appointed for appellant's arraignment on May 29, 1974, five days after he reached Texas, and his trial on the charges in United States v. Thor and Barnett, *supra,* began July 17, 1974. The trial out of which this appeal arises began on October 2, 1974. For the reasons stated in No. 74–3034, we find no denial of the Sixth Amendment right to speedy trial nor a violation of Rule 48(b), F.R.Crim.Procedure. The only fact that is additional in this case is the statement by the prosecutor on two occasions that the charge here was insignificant as compared to the drug charges and might be dropped. Considering this fact along with the other facts considered in the balancing test under Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, as applied in No. 74–3034, and absent a showing of prejudice and there is none here, we still find no speedy trial violation.

There is no merit whatever in the claim that there was no evidence of appellant's conviction of a crime punishable by imprisonment for more than one year. There was sufficient proof of prior convictions of four burglaries and one assault with intent to rob, each of which under Texas law carries a maximum penalty or more than one year in prison. Further, it was within the jury's province to infer from the evidence adduced that the dealer was deceived by the false statement.

Affirmed. .