**UNITED STATES of America, Appellee,**

v.

**Cornelius M. WRIGHT,
Defendant-Appellant.**

**No. 75–1247.**

United States Court of Appeals,
First Circuit.

Argued March 2, 1976.

Decided June 22, 1976.

Edward T. Dangel, III, Boston, Mass. by appointment of the Court, with whom Dangel & Smith and Alan S. Geismer, Jr., Boston, Mass., were on brief, for defendant-appellant.

Henry Hammond, Asst. U. S. Atty., Boston, Mass., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

McENTEE, Circuit Judge.

After a jury waived trial, appellant was convicted of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6).[1] Specifically, he was found to have falsely certified to a firearms dealer that he had not been convicted of a felony, when in fact he had a record of several felony convictions.[2]

---

1. Appellant was indicted on two counts, each involving a separate firearm purchase in quite different factual contexts. He was found not guilty on the first count.

2. The indictment charged that appellant "did knowingly make a false and fictitious statement which was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale of the firearm . . . in that [he] did represent that he had never

(Neither appellant's felony record nor his purchase of the firearm are in dispute.)

On this appeal we must deal with two issues: (1) the district court's determination that appellant violated the statute by recklessly disregarding the declaration on the official form which he signed when he purchased the firearm, and (2) the court's rejection of appellant's explanation that he signed the form because of an excusable mistake on his part.

■ The district court based its decision that appellant had violated § 922(a)(6) on a finding that in signing Department of the Treasury Form 4473,[3] appellant recklessly disregarded whether the statements to which he was subscribing were true or false. The court stated:

"I find that the defendant acted with a reckless disregard, that it was reckless of him not to read completely at least the black letters, the black letter print on this form. He saw, according to his own testimony that it was headed up Firearms Transaction Record, and it is clearly a government form. It is stamped with a government insignia showing an eagle holding some scales in his beak, and it is apparently the seal or a facsimile of the seal of the Treasury Department of the United States. It is a colored form. It is obviously an official type of form, and it has a good deal of heavy print on it and some black print, and that appears immediately above the box in which the defendant signed.

"It was reckless of him, in my view, to have signed this without reading it more

carefully, because of various factors. . . ."

Among the "various factors" which the court specified were the following: appellant's intelligence and "ability to grasp questions immediately and answer them accurately"; the fact that appellant had ample time to read Form 4473 while the salesman was busy doing other paper work; and the court's judgment that appellant's claim of insufficient opportunity to read the form was not credible (although not deliberately false). For these reasons, the court determined that appellant had deliberately avoided reading the form. Our own review of the record does not reveal that the court was clearly erroneous in so determining.

■ Such a factual determination of recklessness is sufficient to support a conviction under § 922(a)(6). It is true that the statute requires that the false statements be made "knowingly." *See United States v. Williams,* 464 F.2d 927, 931 (8th Cir. 1972). But this scienter requirement can be met when there is a reckless disregard as to the truth of the statements to which one subscribes and when there is a conscious purpose to avoid learning the truth. *See United States v. Squires,* 440 F.2d 859 (2d Cir. 1971) (a case upon which the court below specifically relied). *See also United States v. Thomas,* 484 F.2d 909, 912–13 (6th Cir.), *cert. denied,* 414 U.S. 912, 94 S.Ct. 253, 38 L.Ed.2d 151 (1973); *United States v. Abrams,* 427 F.2d 86, 91 (2d Cir.), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970).

been convicted of a crime punishable by imprisonment for a term exceeding one year, whereas, in truth and fact, as [he] then well knew, he had been convicted of a crime exceeding one year; all in violation of 18 U.S.Code § 922(a)(6)."

3. The version of Form 4473 which appellant signed had been revised in June of 1970. Item 8 of this form consists of a series of questions to which the buyer is to answer yes or no; the second of these questions (8b) asks: "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" (On the form which appellant signed, this question is answered in the negative.) In

bold print at the beginning of item 8 is the following statement: "[A]n untruthful answer may subject you to criminal prosecution." At the end of item 8, just above the space for the buyer's signature, appears the following statement (also in bold print): "I hereby certify that the answers to the above are true and correct. I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal law from purchasing and/or possessing a firearm. I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony."

Appellant next argues that the district court erred in finding that the false statement was made knowingly, implicitly rejecting appellant's contention that he acted as the result of misapprehension or mistake. Specifically, he points to the fact that at the time of the transaction at issue here he was in possession of a valid "Firearms Identification Card,"[4] issued by the Commonwealth of Massachusetts. He contends that he "could naturally be confused . . . by the imperfect intermeshing of State and Federal law"; that "[w]ithout notice, [he] was in the paradoxical position of being entitled to purchase a rifle under Massachusetts law, yet of being precluded from doing so under Federal law"; and that "[h]aving had a valid Firearms Identification Card in his possession for nearly three years, it would not be surprising for [him] to mistakenly believe himself under no disability to purchase a firearm within the Commonwealth." For these reasons, appellant claims that he was under a "misapprehension [which] constituted both a mistake of fact and a mistake of law."

While we recognize the possibility of confusion arising from the disparate license requirements of state and federal law, we do not see how this helps appellant. It is not clear what appellant means by a mistake of law. Even if he could be found to think that the state permit allowed him to purchase guns, he could not think that it permitted him to make "false and fictitious statements" to the federal government, the offense with which he is charged. There could be no merit in the claim that he made a mistake of law. The most that could be said is that a belief on appellant's part that he had a right to purchase the gun bore on the recklessness vel non with which he signed the federal form. This issue of fact the court resolved against him. Any belief that he may have entertained as to the state permit is not of such great weight as to change our previously expressed opinion that the court's finding of recklessness was not plainly wrong.

*Affirmed.*

---

4. This is a state permit which authorizes purchase of long guns within the Commonwealth.