UNITED STATES of America,
Plaintiff-Appellee,

v.

George Roger HEATH,
Defendant-Appellant.

No. 76–1422
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1976.

James D. Walker, Jr., Augusta, Ga. (Court-appointed), for defendant-appellant.

R. Jackson B. Smith, Jr., U.S. Atty., J. Michael Faulkner, Asst. U.S. Atty., Augusta, Ga., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

We affirm a jury conviction of one count on a two count indictment of knowingly making a material false written statement in connection with the acquisition of a firearm in violation of 18 U.S.C.A. § 922(a)(6).

The indictment charges the making of a material false and fictitious written statement on a "Firearms Transaction Record" completed on June 4, 1975, and one on June 9, 1975. The statement consisted of the representation that the purchaser had not been convicted of a crime punishable by imprisonment for a term exceeding one year. In fact, it was stipulated that the defendant had been convicted of such a crime. The form shows that a .32 caliber pistol was purchased by a person claiming to be George Roger Heath. The form con-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tains defendant's physical description, his address and his social security number. The purchaser's signature appears as an X-mark and is witnessed by two signatures.

One assignment of error is a lack of proof as to identification. The circumstantial evidence introduced by the Government as probative of defendant's guilt consisted of several examples of defendant's mark as well as the two forms signed by the purchasing party claiming to be Heath when the guns were purchased. A Government handwriting expert testified that all the marks were probably made by the same person. The sales clerk could not identify the defendant as the purchaser. In rebuttal, although defendant testified that he purchased a .32 caliber pistol in June 1975 from the shop in question, he said his wife purchased a second gun in his name. Defendant was found not guilty, however, of the second purchase alleged in Count II of the indictment. He stated that he had used his social security identification and that the mark was his if it was on the form for the first gun.

■ In the review of circumstantial evidence cases, the court must sustain the jury verdict if the evidence is sufficient for reasonable minds to exclude the hypothesis of innocence. *United States v. Rusk,* 512 F.2d 815 (5th Cir. 1975). Here the handwriting evidence, in addition to the other evidence, was sufficient to establish identification of the defendant as the purchaser.

Defendant's second assignment of error is lack of proof that he knowingly made a false written statement in the purchase of the firearm. Defendant contends that he is illiterate, could neither read nor write, and that questions were not read to him when the form in question was signed. The sales clerk testified at trial that he filled out the form in question for the purchaser. He testified that he obtained information by asking the purchaser the questions, read the questions on the form to the purchaser, and

also explained them so that there would be no misunderstanding. He said he recorded the purchaser's answers.

■ There is little question that the form contains material false information and bears defendant's mark. On cross-examination, defendant admitted being asked questions by the sales clerk at the time of his purchase. Defendant's illiteracy does not preclude his understanding of the questions which were read aloud to him. *United States v. Fauntleroy,* 488 F.2d 79 (4th Cir. 1973). The Government's case was sufficiently made out if the jury chose to believe the sales clerk about the oral exchange between himself and the person claiming to be Heath. In finding defendant guilty, the jury must have credited the sales clerk's testimony that he asked defendant the required questions and that defendant responded falsely. That determination of credibility was within the province of the jury. A person signing a document sufficiently adopts the writing as his own to make the written statement his, so that if false, he can be held responsible for making a false written statement. *See United States v. Rusk, supra; United States v. Fruge,* 495 F.2d 557 (5th Cir. 1974). Accordingly, since there is substantial evidence to support the jury's verdict, it must be sustained. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

AFFIRMED.