**UNITED STATES of America, Appellee,**

v.

**David Lee WHITE, Appellant.**

**No. 76-2047.**

United States Court of Appeals, Eighth Circuit.

Submitted March 24, 1977.

Decided April 6, 1977.

Floyd A. Sterns, Lincoln, Neb., for appellant.

Daniel E. Wherry, U. S. Atty. and Robert F. Kokrda, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

David Lee White was convicted by a jury of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. He appeals that conviction, contending that the evidence was insufficient to support the verdict. We affirm.

To sustain a conviction under 18 U.S.C. § 2312, there must be some evidence before

the jury which establishes that the defendant transported a motor vehicle in interstate commerce and that he knew it was stolen. White concedes that the vehicle crossed state lines and was in interstate commerce. His principal contention is that the evidence did not establish either that he knew the vehicle was stolen or that he caused the vehicle to be transported.

When reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and accept as established all reasonable inferences that tend to support the jury's verdict. *United States v. Overshon*, 494 F.2d 894 (8th Cir.), *cert. denied*, 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974).

While in Connecticut, White and two acquaintances were in need of transportation. They located a station wagon which was unlocked with the ignition key inside. The three men got into the station wagon and drove away, traveled to Georgia, then Indiana, and finally abandoned the vehicle in Nebraska. We conclude that a jury could infer from this evidence that White knew the vehicle was stolen. *United States v. Harris*, 528 F.2d 1327 (8th Cir. 1975); *United States v. Wilson*, 523 F.2d 828 (8th Cir. 1975).

White did not drive the vehicle during the journey. There was testimony by the other two men that White discovered some money in the station wagon which was used to pay for gas, that White read the road maps and instructed the driver as to the proper route, that he helped siphon gas from other vehicles, and that he was not coerced to remain in the vehicle. Based on these actions, the jury could find beyond a reasonable doubt that White had joint control over the vehicle and that he effectively transported it. *United States v. Williams*, 503 F.2d 480 (8th Cir. 1974); *United States v. Thomas*, 469 F.2d 145 (8th Cir. 1972), *cert. denied*, 410 U.S. 957, 93 S.Ct. 1429, 35 L.Ed.2d 690 (1973).

Although this evidence was not all uncontroverted and a great deal of the evidence supporting the verdict was testimony of White's accomplices, it is the province of the jury to determine the weight and credibility of the evidence. Even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. *United States v. Knight*, 547 F.2d 75 (8th Cir. 1976); *United States v. Cady*, 495 F.2d 742 (8th Cir. 1974). The jury had sufficient evidence before it to determine that White knew the car was stolen, and that he caused it to be transported across state lines. For this reason, we sustain the conviction.