UNITED STATES of America, Appellee,

v.

Andrew Peter TURCOTTE, Appellant.

No. 77–1147.

United States Court of Appeals,
Eighth Circuit.

Submitted July 13, 1977.
Decided July 19, 1977.

894

Delayne G. Nassif, Fargo, N.D., on brief for appellant.

Eugene K. Anthony, U.S. Atty. and Gary Annear, Asst. U.S. Atty., Fargo, N.D., on brief for appellee.

Before LAY, BRIGHT and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Andrew Turcotte appeals from his jury conviction on one count of making a false and fictitious written statement in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6), and two counts of receiving a firearm which had been transported in interstate commerce, having been previously convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. § 922(h).[1] Turcotte asserts seven grounds of error. Finding no reversible error, we affirm the judgment below.

█ Appellant contends that the jury acted contrary to the evidence in returning a verdict of guilty on Count I, which charged him with making a false and fictitious statement on a Firearms Transaction Record Form 4473, filled out in the course of purchasing a firearm. The statement

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, presiding, imposed a sentence of three years probation.

consisted of answering no to the question of whether or not appellant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Appellant argues that since the evidence showed that he did not write in the answer, and he denied orally being asked the question or giving the answer, the government did not prove its case. We disagree. A store clerk testified that the appellant filled out the preliminary questions on the form. He stated that he then read each question concerning prior conviction of a crime and filled in appellant's answers. Another store clerk testified that appellant was shown the form and told he would have to sign it when he first arranged the purchase. Appellant had been shown a similar form previously according to the testimony of his probation officer. Appellant admitted signing the form, but denied that he was asked and answered the questions in dispute. The government's case was sufficient if the jury chose to believe the testimony of the store clerk. *United States v. Heath,* 536 F.2d 1069, 1070 (5th Cir. 1976); *cf. United States v. Dodge,* 538 F.2d 770, 783 (8th Cir. 1976) (testimony of a single witness may be sufficient to sustain a conviction). It is the province of the jury to determine the weight and credibility of the witnesses. *United States v. White,* 552 F.2d 268, 269 (8th Cir. 1977). The mere fact that the appellant did not write the answer himself is not controlling; the jury could well find that appellant, by signing the form, adopted the statement as his own. *United States v. Heath, supra,* 536 F.2d at 1070.

■ Appellant, arguing that American Indians were systematically excluded from the panel, also raises a constitutional challenge to selection of the jury panel. It is unclear from appellant's brief if he challenges the constitutionality of the jury selection system or alleges discrimination in application of a valid jury selection procedure. This court has upheld the jury selection plan for the District of North Dakota under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.,* as providing the required "fair cross section of the community." *United States v. Freeman,* 514

F.2d 171, 173 (8th Cir. 1975). Moreover, appellant has failed to establish even the threshold requirements of a prima facie case of discriminatory jury selection. By his own account, he only attempted to show that two American Indian Reservations existed in the Southeastern Division of the District of North Dakota and that 1009 American Indians lived in the Fargo-Moorehead area, while no American Indians were on his jury panel. The Constitution does not guarantee a defendant a proportionate number of his racial group on the jury panel or the jury which tries him; it merely prohibits deliberate exclusion of an identifiable racial group from the juror selection process. *Swain v. Alabama,* 380 U.S. 202, 208, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The burden was on the appellant to establish at least a prima facie case of discriminatory jury selection by showing an opportunity for discrimination in the jury selection system and a substantial disparity between the number of American Indians eligible to serve as jurors and the number chosen. *Whitus v. Georgia,* 385 U.S. 545, 550, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); *Murrah v. Arkansas,* 532 F.2d 105, 107 (8th Cir. 1976); *Singleton v. Estelle,* 492 F.2d 671, 677 (5th Cir. 1974). The record before us does not demonstrate the percentage of American Indians in the population of the District of North Dakota and does not reveal anything about the number eligible to serve as jurors.

■ Appellant's contention that section 922 violates his right to bear arms, as guaranteed by the Second Amendment to the Constitution, was answered by this court in its opinion in *Cody v. United States,* 460 F.2d 34, 36–37 (8th Cir.), *cert. denied,* 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 303 (1972). We find no reason to reconsider the decision in *Cody* that the prohibition of section 922 does not obstruct the maintenance of a well regulated militia, and therefore is not violative of the Second Amendment.

■ We find no error in the district court's refusal to admit into evidence a

newspaper clipping concerning the fishing rights of an American Indian tribe or a treaty between certain American Indian tribes. Neither item was relevant to the factual issues presented to the jury for their determination.

 Appellant also argues that criminal penalties should not be imposed for his conviction on Counts II and III, because of his mistaken belief that he was legally allowed to buy guns once his period of probation was completed. Congress did not make ignorance of the law a defense in a prosecution under 18 U.S.C. § 922(h), *cf.* 18 U.S.C. § 922(f), and Congress will not be presumed to have required scienter as an element of a crime where the purpose of the statute, as is the case here, is regulation of dangerous or harmful objects. *See United States v. Powell,* 513 F.2d 1249, 1251 (8th Cir.), *cert. denied,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. Mostad,* 485 F.2d 199, 200 (8th Cir. 1973), *cert. denied,* 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); *United States v. Ruisi,* 460 F.2d 153, 156 (2d Cir.), *cert. denied,* 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176 (1972). *See also United States v. Freed,* 401 U.S. 601, 609, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

 We find no merit to appellant's contention that his arrest was unlawful due to the failure of the arresting officer to serve him with a copy of the arrest warrant. *See* Fed.R.Crim.P. 4(d)(3).

The judgment is affirmed.