UNITED STATES of America, Appellee,

v.

Carlos SANTIAGO–FRATICELLI,
Defendant, Appellant.

No. 83–1489.

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1984.

Decided March 26, 1984.

Francisco M. Lopez Romo, San Juan, P.R., for defendant, appellant.

Jorge E. Vega-Pancheco, Asst. U.S. Atty., San Juan, P.R., with whom Jose A. Quiles, Acting U.S. Atty., San Juan, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

PER CURIAM.

Carlos Antonio Santiago-Fraticelli appeals his conviction and sentence for violations of 18 U.S.C. § 922(h)(1) (1982) and 18 U.S.C. § 922(a)(6) (1982). We affirm.

## I.

In 1970 the defendant was convicted in New York of a crime punishable by imprisonment in excess of one year. In 1979 the defendant purchased a gun in Puerto Rico. The defendant filled out and signed a Firearms Transaction Record, Form 4473, provided by the U.S. Bureau of Alcohol, Tobacco and Firearms (ATF). Although the form was printed only in English, at least some of the defendant's answers were in Spanish. Among other questions, the form asked, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" The defendant answered "No".

On December 28, 1981 the defendant was arrested for reasons unconnected with this case and the gun was found in his possession. The defendant produced a license, in Spanish, issued by the Superior Court of Puerto Rico, authorizing him to carry the gun in Puerto Rico.

On February 19, 1983 the grand jury returned a two-count indictment. The first count charged that the defendant had violated 18 U.S.C. §§ 922(h)(1) and 924 (1982) by receiving a firearm shipped in interstate commerce after having been convicted of a crime punishable by imprisonment in excess of one year. The second count, as amended by the trial court, charged that the defendant had violated 18 U.S.C. §§ 922(a)(6) and 924 (1982) by knowingly making the false statement, on the ATF Form 4473, that he had never been convicted of a crime punishable by imprisonment in excess of one year. The defendant was arrested on February 24, 1983, and arraigned on February 28. On April 19 the court set trial for April 25.

On April 21, 1983 the defendant filed a motion for continuance, alleging that pretrial publicity had made a fair trial impossible because the news media had portrayed the defendant "as a Mafia boss" and "the mastermind behind the murder of assistant district attorney Jose Rivera". The defendant alleged that he had not moved for a change of venue earlier because he had only four days between arrest and arraignment and because he had believed the press coverage would stop, but now found a motion necessary because *El Vocero*, a local newspaper, had published an article on him as recently as April 20. The motion did not request a change of venue, although it implied that a purpose of the continuance was to allow the defense time to file for a change of venue. The motion did not request a hearing. The trial court denied the motion, without a formal hearing, during a conference in chambers.

The case was tried as scheduled. The government presented its case by stipulation. The defense called one witness, Wilfredo Vazquez Aguero (Vazquez). Vazquez testified that he knew the defendant because they both frequented cockfights, and that he had gone to the gun store with the defendant and helped him fill out the ATF form. Vazquez said he did not translate the questions for the defendant, but simply told the defendant what to answer. Vazquez said he did not ask the defendant if he had ever been convicted, but told the defendant to answer "No" to that question because Vazquez knew that the defendant already had a Puerto Rican gun license. Vazquez did not know if the defendant spoke English.

The prosecution called as a rebuttal witness the manager of the gun store, Julio A. Passalacqua Mercado (Passalacqua). Passalacqua could not remember if Vazquez had been with the defendant when the defendant purchased the gun, or if Vazquez had translated the ATF form for the de-

* Of the Fifth Circuit, sitting by designation.

fendant, but did testify that he remembered the defendant.

On the second day of the trial the defense moved for a mistrial because of another article in *El Vocero*. The trial judge examined the article, held that it was not prejudicial, and denied the motion, as well as a motion for a special voir dire.

The jury returned guilty verdicts on both counts and the court sentenced the defendant to two consecutive five-year terms and a total fine of $10,000.

## II.

█ The defendant first argues that the trial court erred by denying the defendant the opportunity to file a motion, under F.R. Cr.P. 21, for a change of venue. This contention is without merit. Nothing in the record shows that the defendant was restrained from filing a Rule 21 motion. F.R.Cr.P. 22 provides that a Rule 21 motion may be made "at or before the arraignment or at such other time as the Court or these rules prescribe". The defendant argues that he had only four days to move for change of venue before arraignment. The court had discretion to entertain a later motion, but since the motion was never made, the court had no reason to exercise its discretion.

█ The defendant next argues that the trial court erred because it should have held a formal hearing to determine whether the defendant's motion for continuance should have been granted. When a defendant alleges that prejudicial publicity is depriving him of a fair and impartial trial, the trial judge must first examine the publicity and determine if it is "genuinely prejudicial". If the judge finds that it is, he should then grant a defense motion for voir dire. *United States v. Porcaro*, 648 F.2d 753, 757 (1st Cir.1981); *United States v. Perrotta*, 553 F.2d 247, 249–50 (1st Cir. 1977). In this case, the motion for a continuance was unaccompanied by any newspaper clippings for the judge to examine, nor did the motion request a hearing. A trial judge is not required to grant a continuance without substantial supporting evidence. The defendant argues that the trial judge had a "nondelegable" responsibility to ensure a fair trial. It is clear, however, that the trial judge took sufficient measures to do this. The trial judge interrogated the jury during the initial voir dire and found that none of the jurors had heard anything about the case; furthermore, the court several times admonished the jurors not to pay attention to any media accounts of the trial. *Goins v. McKeen*, 605 F.2d 947 (6th Cir.1979), on which the defendant relies, is inapposite. In *Goins* there was clear on-the-record evidence of prejudicial publicity and the trial court did not warn the jurors to ignore that publicity. Here there was no such evidence; there was only the defendant's vague allegation of adverse publicity. The trial judge certainly did not err by denying a continuance.

█ The defendant also complains of the court's refusal to order a voir dire on the second day of trial. This time, the defense did point to a specific article in *El Vocero*, and the trial judge followed the requirements of *Porcaro* to the letter. He read the article, found that the article was not genuinely prejudicial, and therefore denied voir dire. The trial court's findings are entitled to "considerable respect", *Perrotta*, 553 F.2d at 250, and cannot be said to be erroneous.

## III.

█ The defendant contends that there was insufficient evidence to support his conviction on the second count. The defendant argues that there was no evidence from which the jury could find that the defendant *knowingly* made a false statement on the ATF Form 4473. According to the witness Vazquez, the defendant did not know what the questions on the form asked; he simply wrote down whatever Vazquez told him to.

The jury, however, was entitled to disbelieve Vazquez. The jury could consider the stipulated evidence that the defendant filled out and signed the form, and it could consider the witness Passalacqua's inability

to remember whether anyone had been with the defendant. Furthermore, although there was no evidence that the defendant did not know English, there was evidence that he had been convicted of a crime in New York. The jury could infer that the defendant must have known the import of the questions asked on Form 4473. Even if the jury believed Vazquez, it could have concluded that the defendant acted "with reckless disregard as to the truth of the statements" and with "a conscious purpose to avoid learning the truth". *United States v. Wright*, 537 F.2d 1144, 1145 (1st Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 292 (1976). Contrary to the defendant's arguments, *Wright* is not limited to situations in which an accused knew he was lying. *Wright* holds that the scienter requirement of § 922(a)(6) is met when a person recklessly fails to ascertain the meaning of the questions contained in Form 4473, and simply answers the questions without regard to whether the answers are truthful. The purchase of a gun is not an everyday event. The jury could have reasonably determined that the defendant's failure to ask what the questions meant demonstrated reckless disregard for the truth of his answers. This is especially so because there was no evidence of any strong bond of trust between the defendant and Vazquez. Vazquez testified that he saw the defendant several times a year, occasionally at cockfights and occasionally to sell him cockfighting paraphernalia. Transcript 92–97.

In short, there was sufficient evidence "for reasonable minds to exclude the hypothesis of innocence". *United States v. Heath*, 536 F.2d 1069, 1070 (5th Cir.1976). The conviction must be sustained.

## IV.

Finally, the defendant contends that his sentence should be reduced under the "rule of lenity", because the same conduct proscribed in 18 U.S.C. §§ 922(h) and 924 is also proscribed by 18 U.S.C.App. 1202 and is punishable by only two years' imprisonment under the latter statute. The United States Supreme Court rejected this argument in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Sections 922(h)(1) and 922(a)(6) forbid different acts. The court's decision to order consecutive five year sentences was not improper.

The judgment is AFFIRMED.