24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Billy Joe HUDSON, Petitioner-Appellant,
v.
Samuel LEWIS; Attorney General, Respondents-Appellees.
 No. 93-16924.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided May 12, 1994.
 
 Before: FLETCHER, FERGUSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Billy Joe Hudson appeals pro se the district court's dismissal of his petition for habeas corpus relief. His petition alleged: 1) ineffective assistance of counsel; 2) duplicitous/multiplicitous indictment; 3) improper jury instruction on insanity and voluntary intoxication; and 4) violation of the Eighth Amendment. The United States District Court for the District of Arizona dismissed the petition.
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We carefully reviewed the record and affirm.
 
 
 4
 * Hudson claims his attorney's failure to further investigate his mental condition deprived him of a potential insanity defense, and therefore denied him effective assistance of counsel. Hudson was examined by both a court-appointed psychiatrist and a court-appointed psychologist. They reviewed his past medical and psychological history, including his history of alcohol abuse. Both concluded Hudson was responsible for his actions.
 
 
 5
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
 
 
 6
 Strickland v. Washington, 466 U.S. 668, 687 (1984). The court conducts a highly deferential scrutiny to determine "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688-89.
 
 
 7
 "An attorney is not required to argue a claim that is clearly refuted by the record." Cuffle v. Goldsmith, 906 F.2d 385, 388 (9th Cir.), cert. denied, 498 U.S. 811 (1990). "[T]he insanity defense is not available to a defendant whose voluntary use of intoxicating alcohol and/or drugs aggravates a pre-existing mental disorder or creates a temporary episode of mental incapacity." State v. Hudson, 730 P.2d 830, 835 (Ariz.1986). The district court properly concluded that Hudson's attorney did "all that was reasonably expected to establish a viable insanity defense under Arizona law."
 
 
 8
 Hudson claims the prosecution's motion in limine to preclude evidence of his prior mental illness was error under Brady v. Maryland, 373 U.S. 83 (1963). However, Brady applies to cases in which the prosecution has obtained evidence the defense does not have. Clearly, Hudson and his attorney were aware of Hudson's mental history, so Brady does not apply.
 
 
 9
 Finally, Hudson suggests his appointed psychiatrist did not act independently of the prosecutor's office, and that this violated Ake v. Oklahoma, 470 U.S. 68, 70 (1985). Hudson provides no evidence to show--and nothing in the record shows--that his psychiatrists were not acting independently of the prosecutor's office. Hudson was not deprived his right to psychiatric evaluation under Ake. See id. at 83 (an indigent defendant does not have "a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own").
 
 II
 
 10
 Hudson claims the indictment against him was multiplicitous and duplicitous. Hudson did not present this claim in his direct appeal, see Hudson, 730 F.2d 830, but presented it in a special action before the Arizona Supreme Court. "If a federal constitutional claim can no longer be raised [in state court] because of a failure to follow the prescribed procedure for presenting such an issue, ... the claim is procedurally barred and the petition must be denied." Johnson v. Lewis, 929 F.2d 460 (9th Cir.1991). A special action is not an appropriate means for exhausting state remedies, because the Arizona Supreme Court's acceptance of jurisdiction for a petition for special action is highly discretionary. See King v. Superior Court, 673 P.2d 787, 789 (Ariz.1983). Hudson did not fairly present his claim in state court, so this claim is procedurally barred. See Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 11
 Hudson cites Harris v. Reed, 489 U.S. 255 (1989). Harris requires a state court that procedurally bars a federal claim to clearly and expressly state that the claim is procedurally barred. Id. at 262-64. The Arizona Supreme Court order dismissing Hudson's special action stated: "the pleading states no claim upon which relief can be obtained." Because the Arizona Supreme Court's jurisdiction over special actions is highly discretionary, and is granted only when justice cannot otherwise be served, this language clearly signals that the supreme court dismissed Hudson's claim because it was procedurally barred. See King, 673 P.2d at 789; Bilagody v. Thorneycroft, 607 P.2d 965, 969 (Ariz.App.1979).
 
 
 12
 Hudson also cites Johnson v. Lewis, 929 F.2d 460. In Johnson, the district court mistakenly concluded that the defendant's constitutional claim was procedurally barred. Id. at 464. Johnson does not apply to the instant case because the district court correctly concluded that the claim was procedurally barred.
 
 III
 
 13
 Hudson argues the trial court gave erroneous jury instructions on the insanity defense and on his prior conviction for robbery. Hudson alleged improper insanity instructions in his direct appeal, and the Arizona Supreme Court relied on state law to defeat Hudson's claim. See Hudson, 730 P.2d at 834-35. Federal habeas relief is available only on the ground that an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a) (1988); see also Harris v. Rivera, 454 U.S. 339, 343 (1981). Hudson now argues the jury instruction mentioning his prior conviction for robbery subjected him to double jeopardy. However, Hudson did not raise a double jeopardy claim in any of his appeals or petitions in state court, so his claim is procedurally barred. See Castille, 489 U.S. at 351.
 
 IV
 
 14
 Hudson was sentenced to three concurrent terms of life imprisonment, under Ariz.Rev.Stat.Ann. Sec. 13-604.02(a) (Supp.1993). He argued his sentence violates the Eighth Amendment because it is disproportionate to his offense. Although Hudson initially raised his Eighth Amendment claim as part of his ineffective assistance of counsel claim, Hudson "argued more the merits of his Eighth Amendment claim, rather than appellate counsel's failure to raise such claim." D.Ct.Order at 17. We will therefore consider the merits of his claim.
 
 
 15
 "[T]he eighth amendment forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Bland, 961 F.2d 123, 129 (9th Cir.) (internal quotations omitted), cert. denied, 113 S.Ct. 170 (1992). In Cocio v. Bramlett, 872 F.2d 889 (9th Cir.1989), the Ninth Circuit considered whether Ariz.Rev.Stat.Ann. Sec. 13-604.02(a), imposed a disproportionate sentence on a defendant convicted of manslaughter. We held it did not. Although an Eighth Amendment argument that a sentence is disproportionate rests largely on the nature of the defendant's offense, see Solem v. Helm, 463 U.S. 277, 292 (1983), assault with a deadly weapon and manslaughter are offenses of nearly identical gravity because the type of harm threatened is the same, see Cocio, 872 F.2d at 892.
 
 
 16
 Hudson argues his intoxication and evidence of mental illness mitigate his level of culpability under Solem. But in Cocio, which involved an intoxicated defendant, we ultimately concluded that a defendant's intoxication did not alter the Eighth Amendment analysis, because "a 'reckless indifference to the value of human life may be every bit as shocking to the moral sense as an "intent to kill." ' " Cocio, 872 F.2d at 892. Hudson's intoxication does not mitigate his culpability.
 
 
 17
 Hudson was convicted on three separate counts and sentenced to life for each of the three convictions. In his habeas petition, Hudson argued that the court should analyze each of his three life sentences in proportion to the gravity of the particular offense. However, Hudson does not explain how such an analysis would make a difference in his sentence, because the court imposed the sentences concurrently.
 
 
 18
 We AFFIRM the district court's dismissal of Hudson's habeas petition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3