IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21004
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WAYNE LEE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-149-1
- - - - - - - - - -
September 24, 2001

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Richard Wayne Lee appeals his conviction following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Lee argues that the district court abused its discretion when it (1) denied his request for a missing witness instruction, (2) prevented him from cross-examining a witness about an indictment and deferred adjudication from a state-court proceeding, and (3) admitted photographic, gang-related evidence at trial.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lee has not demonstrated that it was within the Government's power to produce the missing witness. *See United States v. Black*, 497 F.2d 1039, 1042 n.3 (5th Cir. 1974); *United States v. Davis*, 487 F.2d 112, 126 (5th Cir. 1973); *Ford v. United States*, 210 F.2d 313, 316-17 (5th Cir. 1954). Nor has he demonstrated that the missing witness' testimony would have been favorable. *See id.* Thus, the district court did not abuse its discretion when it denied his request for a missing witness instruction. *See United States v. Pettigrew*, 77 F.3d 1500, 1510 (5th Cir. 1996).

Lee has failed to provide any authority for his assertion that Government witness Karen Bezet was prohibited from possessing a firearm while she was under a state court indictment. Accordingly, he has failed to demonstrate that she would have been motivated to falsify her testimony based on the state court indictment and deferred adjudication. Moreover, Bezet's testimony regarding Lee's ownership of the firearms was corroborated by other witnesses. *See United States v. Gray*, 105 F.3d 956, 965 (5th Cir. 1997). The district court did not abuse its discretion when it limited Lee's cross-examination of Bezet. *United States v. Freeman*, 164 F.3d 243, 249 (5th Cir. 1999).

Lee's assertion that the district court admitted impermissible gang-related evidence is without merit. The parties and witnesses were under instructions from the court not to make reference to gangs or gang-related activities. No such testimony or argument was presented to the jury. Lee makes only the speculative assertion that the "SS" tattoo on his leg (which was displayed in

2

one of the photographs) is "widely recognized" as denoting membership in a white supremacist prison gang. The district court did not abuse its discretion when it admitted photographs of Lee's tattoos. *See United States v. Parsee*, 178 F.3d 374, 379 (5th Cir. 1999).

Lee's conviction is AFFIRMED.